## Francis Dodge *vs.* John Doub and J. T. Mason, et. al. *December*, 1849.

Three persons conveyed their lands to trustees, in trust, to sell and pay the debts of the grantors, according to their legal priorities. At the time of this conveyance, there were judgments to a large amount against the grantors, both jointly and severally : Held, that in administering this trust, the proceeds of the lands are not to be regarded as one common fund, to be applied to the judgments against all or any of the grantors, according to priority, without reference to the source whence the fund arose, or whether the judgments were against one, two, or all the grantors, but that the proceeds of the lands of each were to be applied respectively to the judgments against each, according to priority.

A party who purchased the lands conveyed by one of the grantors, and applied his purchase money in discharge of judgments against such grantor, cannot be called upon to contribute, or account with any one, except the purchasers of such grantors' lands, or his unsatisfied judgment creditors, prior, in point of date, to those satisfied by him,

Appeal from the *Court of Chancery.*

The appellant in this case was one of the defendants to the bill of *John Doub,* referred to in the preceding case. He purchased from the trustees a portion of the land conveyed to them by *Abraham Barnes,* and takes this appeal from the order of the chancellor, of the 9th of December, 1849, requiring him to account. The facts of the case sufficiently appear from the opinion of the court, the preceding case, and the case of *Doub vs. Barnes, et. al.,* 4 *Gill,* 1 .

The cause was argued before Dorsey, C. J., Spence, Martin and Frick, J.

By Pratt and F. A. Schley, for the appellant, and
By Mason and J. D. Roman, for the appellee.

Dorsey, C. J., delivered the opinion of this court.

It has been conceded, in the argument of this case, that the proceeds of the sales of the lands conveyed to the trustees, *Price* and *Yost,* by *Abraham Barnes, Melchoir B. Mason* and *John Thompson Mason,* were not to be regarded as one com-

mon fund, to be applied to the payment of the judgments ren-
dered against all or any of the grantors, according to their pri-
orities, without reference to the source from which the fund
about to be distributed arose, and without regard to the fact,
whether such judgments had been obtained against one, two,
or all of the grantors; but, that the money arising from the
sales of the lands of each were to be appropriated, respectively,
in discharge of the judgments against each, according to their
priorities. Upon this concession, (of the correctness of which
we entertain no doubt,) we are of opinion, that the appeal of
*Francis Dodge,* in this case, has been well taken. Before he
could be compelled by the appellee to account with him, as
decreed by the chancellor, the allegations in the bill, and the
proofs in the cause, must have shown, at least, a probable
ground for believing, that by such accounting it would appear
that something was due, by way of contribution, from the ap-
pellant to the appellees. Upon the concession above mention-
ed, we are enabled to discover no sufficient ground for such a
belief. The land purchased by *Dodge* of the trustees, was
part of that conveyed to them by *Abraham Barnes,* and not
by *Melchoir B. Mason* or *John Thompson Mason.* And, con-
sequently, the purchase money paid by *Dodge* ought to have
been, and most probably was, applied in satisfaction of the
judgments rendered against *Abraham Barnes,* long anterior to
the dates of the judgments against *John Thompson Mason;*
the amount of which judgments against *Barnes* was so great,
that, consistently with the deed, no part of the purchase money
arising from the sales to *Dodge,* could properly be made appli-
cable to the payment of the judgments against *John Thompson
Mason,* for the payment of which, his lands were sold by the
trustees to *Doub* and others. *Dodge,* soon after his purchases,
appears to have paid for the lands he bought, either by dis-
charging senior judgments against *Barnes,* or by paying to the
trustees the balance due from him, to be appropriated to such
purpose. If *Dodge* can be called upon to contribute or ac-
count with any one, it must be with the purchasers of *Abraham*

3    v.8

*Barnes'* lands, or with his unsatisfied judgment creditors, prior in point of time to those of *John Thompson Mason.*

This court will sign a decree reversing the decree of the Chancery Court, of the 9th December, 1847, so far as it respects *Francis Dodge,* and as to him dismissing the appellees' bill of complaint, but without costs, either in this court or the court below.

DECREE REVERSED.