# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed September 28, 1920.

EDWARD W. SCOTT, ET AL.,
VS.
BENJAMIN F. BROWN, ET AL.

*John I. Rowe* and *Albert S. J. Owens* for plaintiffs.

*C. C. Fitzgerald* and *Baldwin & Sappington* for defendants.

DAWKINS, J.—

The matter before the court for determination is a demurrer to a bill of complaint, which bill deals with a controversy between two churches or factions of two churches. Church litigation is always unfortunate. If we can not learn lessons of toleration and fair dealing from religious organizations, it would seem difficult to know whence these things can be learned.

The bill alleges that the plaintiff church owned its church building and appending property and conducted its services until May, 1918, and that eight individuals composed its board of trustees, five of whom, assuming to act for the plaintiff church in May, 1918, notified the conference not to appoint a pastor, as they were no longer worshipping according to the constitution and discipline of the Colored Methodist Protestant Church. The said five became affiliated with the African Methodist Episcopal Church, and as such unlawfully took possession of the property of the plaintiff and elected a pastor, and are now conducting services in said church under the name of the Tyson African Methodist Episcopal Church. The conference, ignoring the notice not to appoint a pastor, appointed a minister who applied for instatement, but the defendants refused to permit him to enter upon his duties. That subsequently the five above mentioned, with three other individuals, attempted to organize themselves as trustees of the plaintiff church and now pretend to be a regular constituted board of trustees and to have and to exercise control over the church and its services. It is charged that by affiliation with the African Methodist Episcopal Church the five persons were no longer members of the Methodist Protestant Church, and not being members, could no longer act as trustees of said church. The bill also claims that there thus became five vacancies on the board of the trustees, and the remaining members of the board of trustees, under the terms of the charter, filled the vacancies. That the defendants hold the keys of the church and claim to be in sole control. That the said trustees attempted to convey by deed the church property, which act of conveyance was in direct violation of the plaintiffs' charter, which required a vote of two-thirds of all the qualified members of said church to "purchase, lease, sell or otherwise acquire or dispose of any property." That when the church ceases to function, its property should be conveyed only to the Baltimore Annual Conference.

The bill prays that the individuals named as defendants shall be enjoined from acting as trustees and that the defendants' minister enjoined from preaching or conducting services in the church and from interfering with the plaintiffs in the performance of their duties. Also that the defendants shall give up the property and records to the plaintiffs and that the deed mentioned shall be declared void.

To the bill a demurrer was filed by the individual defendants, as trustees, and the corporations of the church and conference, on the grounds that the bill is multifarious; that it does not show ground for equitable relief; that there is a misjoinder of parties plaintiff; that as individuals the plaintiffs have no right in the premises; that there is an adequate remedy at law to correct matters of doctrine, etc.; that if the plaintiffs have any remedy in regard to right of voting it must be sought under Section 343, Article 23, of the Code of Maryland; and, finally, that Edward W. Scott, one of the original plaintiffs, is dead, therefore his heirs or representatives should be made parties plaintiff.

The demurrer admits the facts (including the fact that Scott and other individuals are suing in their official capacity). Certainly, if they are true, a case is presented that calls loudly for relief. It is urged with a great deal of force that the bill is multifarious. Multifariousness is the compounding of distinct or independent matters in one bill or bringing in a defendant to answer matters with which he has no connection. The rule to determine this is not inflexible, it rests somewhat in the discretion of the court. Considerations of convenience have much to do in determining the question. Multiplicity of suits is to be avoided. Because an action at law and another at equity is in the same bill, it is not necessarily multifarious. This objection does not apply when the parties plaintiff or defendant have one common interest touching the matters of the bill, although they may claim under distinct titles and have independent interests. Thomas vs. Maslin,

8 Gill 17; Miller's Equity, Sec. 104 et seq.

It is not necessary that all of the parties should have an interest in all the matters contained in the bill. It will be sufficient if each party has an interest in some material matter in the suit and that they are connected with the others.

In order to sustain a demurrer, it must appear that several matters perfectly distinct are joined in the bill against the same defendants, thus compelling them to defend different matters unconnected with each other.

This case revolves around one matter, the taking of the property improperly by a board of trustees alleged to have been improperly elected. True it is that matters effecting doctrine can be regulated in another tribunal, but the suggestion of practices contrary to the doctrine and discipline of the church is only incidentally mentioned, and there is no prayer for any such violation, even if there were such a prayer under the authorities already cited, the other matter can be determined without regard to that.

It may be true that the three trustees left had no power to fill the vacancies in the board, but if the statements in the bill are true, the defendant board had no right to form a board of trustees and sell to themselves, constituting the board of the other church (the three were left even though they could not fill the vacancies). The church buildings and properties were impressed with a trust for the use and benefit of the plaintiff body, surely a court of equity should not find itself without a remedy if the property was divested in the manner alleged. The congregation, as provided in the charter, was not consulted nor was any representative of the plaintiff church consulted. The vendors are the alleged trustees who sold to themselves as trustees of the defendant church for a nominal consideration. The court can not think it is a sound proposition for members of different church organizations to serve on the governing bodies of an opposing church.

The situation as made out by this bill is that a church of one religious denomination is claiming that its own governing body joined or formed a church of a different religious organization and appropriated its property. By this proceeding those who had the property are trying to recover it. The method of election can not be settled as provided in Article 23, Section 343, as suggested at the hearing, because the defendant has not by the demurrer disputed the election of the plaintiff board.

Many of the authorities cited have been examined. The questions of irregularity of procedure, the necessity of sanction of the State to the holding of property and the many other questions, largely questions of fact, are not necessary to be considered at this time. The conclusion has been reached that the demurrer should be overruled. An order will be signed in accordance with this opinion.